# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DANIEL TRUJILLO SIERRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-13143-MJJ |
| | ) | |
| PAMELA BONDI, *United States Attorney* | ) | |
| *General*, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF DECISION

April 29, 2026

JOUN, D.J.

Daniel Trujillo Sierra ("Plaintiff") brings suit against Pamela Bondi ("Bondi"), in her official capacity as U.S. Attorney General at the time of the complaint, Kristi Noem ("Noem"), in her official capacity as Secretary of the U.S. Department of Homeland Security at the time of the complaint, Joseph B. Edlow ("Edlow"), in his official capacity as Director of the U.S. Citizenship and Immigration Services at the time of the complaint, Department of Homeland Security ("DHS"), and U.S. Citizenship and Immigration Services ("USCIS") (together, "Defendants"), seeking judicial review of the denial of his application for a Provisional Unlawful Presence Waiver. [Doc. No. 1]. Defendants move to dismiss Plaintiff's claim for lack of subject-matter jurisdiction and for failure to state a claim. [Doc. No. 9]. Because this court lacks subject-matter jurisdiction, Defendants' Motion is GRANTED.

## I.    FACT BACKGROUND

Plaintiff is a native and citizen of Mexico who first entered the United States on November 16, 2005, without inspection. [Doc. No. 1 at ¶ 15]. On March 10, 2020, Plaintiff married his wife, a legal permanent resident, who filed a Form I-130 Petition for Alien Relative on behalf of Plaintiff on August 31, 2020. [*Id.* at ¶ 16]. The Form I-130 was approved on September 14, 2022. [*Id.*]. On March 6, 2023, Plaintiff filed a Form I-601A, Application for Provisional Unlawful Presence Waiver (the "waiver application") due to his unlawful entry to the United States. [*Id.* at ¶¶ 15, 17]. USCIS, a component of DHS, adjudicates Form I-601A applications. [*Id.* at ¶¶ 13–14].

On July 29, 2024, after Plaintiff filed his waiver application, Defendants issued a Notice to Appear to Plaintiff, placing him in removal proceedings before the immigration court. [*Id.* at ¶ 18]. On October 4, 2024, while the waiver application remained pending, the Immigration Judge administratively closed the removal proceedings so that Plaintiff would not be prejudiced and could continue with his waiver application. [*Id.*]. On June 10, 2025, while the removal proceedings were administratively closed, USCIS denied the waiver application pursuant to 8 C.F.R. § 212.7(e)(4)(iii), on the ground that Plaintiff was in full removal proceedings. [*Id.* at ¶ 19]. Specifically, USCIS denied Plaintiff's waiver application because removal proceedings were not administratively closed *at the time of filing* the waiver application. *See* [*id.* at ¶¶ 18–19]; *see also* [Doc. No. 10 at 3]. Plaintiff subsequently filed the underlying complaint, alleging that USCIS "improperly denied" his waiver application in violation of his due process rights, seeking an order from the Court directing USCIS to re-adjudicate his waiver application. [Doc. No. 1 at ¶¶ 6–7].[1]

---

[1] Plaintiff purportedly brings claims under the 5th Amendment, Fourteenth Amendment, and the APA. For instance, he argues that the complaint alleges that USCIS "acted arbitrarily" and "contrary to law," in violation of the APA, and that his rights to due process and equal protection were violated under the Constitution, but those allegations are not clearly pled in the Complaint. [Doc. No. 11 at 3]; [Doc. No. 1 at ¶ 7 (citing to the APA and provisions of the Constitution only as a basis to support jurisdiction)]. Plaintiffs' complaint does not list out, on a count-by-count basis, his causes of action. Rather, he broadly

## II.    LEGAL BACKGROUND

U.S. immigration law allows certain immigrants physically present in the United States to apply for adjustment of status to become lawful permanent residents. 8 U.S.C. § 1255(a). To qualify, the applicant must be eligible to receive an immigrant visa and must be admissible to the United States at the time of application. *Id*. Under the Immigration and Nationality Act ("INA"), a non-citizen who has accrued more than one year of unlawful presence is deemed inadmissible and is subject to a ten-year bar on reentry after departing (or being removed from) the United States. *Id.* § 1182(a)(9)(B)(i)(II). Since admissibility is a threshold requirement for adjustment of status, this bar prevents the applicant who has accrued more than one year of unlawful presence from adjusting status.

However, the Secretary of Homeland Security[2] may waive that bar in his or her "sole discretion" for "an immigrant who is the spouse . . . of a United States citizen or of an alien lawfully admitted for permanent residence," if the immigrant can satisfy the Secretary "that the refusal of admission . . . would result in extreme hardship" to the immigrant's spouse. *Id.* § 1182(a)(9)(B)(v). A non-citizen may apply for such a waiver provisionally—before departing the United States—by filing a Form I-601A with USCIS. 8 C.F.R. § 212.7; USCIS, *Application for Provisional Unlawful Presence Waiver* (available at https://www.uscis.gov/i-601a).

The provisional unlawful presence waiver process is governed by 8 C.F.R. § 212.7(e). The regulation clarifies that "a [non-citizen] is ineligible for a provisional unlawful presence waiver" if "[t]he [non-citizen] is in removal proceedings . . . unless the removal proceedings are

---

alleges that he has complied with the requirements of seeking adjudication of his waiver application, and such application was improperly denied in "violation of the law and in violation of his rights to Due Process." [Doc. No. 1 at ¶¶ 23–24].

[2] Congress has empowered the Secretary of Homeland Security to enforce the INA. *See Nielsen v. Preap*, 585 U.S. 392, 397 n.2 (2019); 8 U.S.C. § 1103(a)(1).

administratively closed and have not been recalendared at the time of filing the application for a provisional unlawful presence waiver." *Id.* § 212.7(e)(4)(iii). The INA also contains a jurisdiction-stripping provision: "no court shall have jurisdiction to review a decision or action by the [Secretary] regarding a waiver under this clause." 8 U.S.C. § 1182(a)(9)(B)(v).

## III.  LEGAL STANDARD

### A.  <u>Rule 12(b)(1)</u>

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (quoting *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir. 1993)). Review for dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is "similar to that accorded a dismissal for failure to state a claim pursuant to" Federal Rule of Civil Procedure 12(b)(6). *Murphy*, 45 F.3d at 522. That is, when "a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010). Further, "[w]hen faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." *Ne. Erectors Ass'n v. Sec'y of Lab.*, 62 F.3d 37, 39 (1st Cir. 1995).

## IV.  ANALYSIS

### A.  <u>Subject Matter Jurisdiction</u>

Plaintiff contends that USCIS unlawfully denied his waiver application by misapplying 8 C.F.R. § 212.7(e)(4)(iii). [Doc. No. 1 at ¶ 24]. Specifically, Plaintiff alleges that he was not in removal proceedings at the time he filed his application in 2023, and that USCIS incorrectly relied

on removal proceedings initiated in 2024 to deem him ineligible. [Doc. No. 11 at 3]. He further asserts that this error raises a purely legal question concerning the interpretation of the phrase "at the time of filing," rather than a discretionary decision. [*Id.*]. On this basis, Plaintiff argues that judicial review is available because 8 U.S.C. § 1252(a)(2)(D) preserves review of "constitutional claims or questions of law." [*Id.*]. Plaintiff further argues that this Court has jurisdiction pursuant to the Declaratory Judgment Act, the Administrative Procedure Act, the Mandamus and Venue Act, and the Fifth and Fourteenth Amendments of the U.S. Constitution. [Doc. No. 1 at ¶ 7].

### 1.  The Statutory Bar Under § 1182(a)(9)(B)(v)

"[A] federal court may not review the agency's discretionary decisionmaking in an immigration case." *Arias-Minaya v. Holder*, 779 F.3d 49, 52 (1st Cir. 2015). The unlawful presence waiver provision provides that the Secretary "has sole discretion" to grant a waiver upon a showing of extreme hardship "to [the Secretary's] satisfaction," and further states that "no court shall have jurisdiction to review a decision or action … regarding a waiver." 8 U.S.C. § 1182(a)(9)(B)(v). This language operates as an affirmative statutory bar to federal court review.

The Supreme Court has confirmed the breadth of such jurisdictional bars, holding that the word "regarding" "generally has a broadening effect, ensuring that the scope of a provision covers not only its subject but also matters relating to that subject." *Patel v. Garland*, 596 U.S. 328, 339 (2022) (citation omitted). In this case, Plaintiff challenges USCIS's interpretation of the phrase "at the time of filing" in 8 C.F.R. § 212.7(e)(4)(iii). *See* [Doc. No. 1 at ¶¶ 18–19, 24]; *See also* [Doc. No. 11 at 3]. USCIS's interpretation constitutes a threshold eligibility determination regarding a waiver. Because the waiver itself is discretionary by statute which requires an extreme hardship showing "to the satisfaction" of the agency, eligibility determinations are part of the agency's

overall discretionary judgment and therefore falls within the statute's jurisdictional bar. *See* 8 U.S.C. § 1182(a)(9)(B)(v).

Plaintiff argues that 8 U.S.C. § 1252(a)(2)(D) preserves review of constitutional claims or legal questions such that the jurisdictional bar does not apply. *See* [Doc. No. 11 at 3]. Plaintiff's reliance on § 1252(a)(2)(D) is misplaced. Congress expressly preserved review of "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). However, "subparagraph (D) preserves review of legal and constitutional questions only when raised in a petition for review of a final order of removal." *Patel*, 596 U.S. at 345. Thus, this provision preserves review of legal questions only in petitions for review of final removal orders, not in standalone district court challenges to all USCIS decisions. A decision to deny a Form I-601A waiver application is not a final order of removal, and is therefore not subject to review by a federal court under 8 U.S.C. § 1252(a)(2)(D).

The First Circuit's decision in *Urizar-Carrascoza v. Holder*, 727 F.3d 27 (1st Cir. 2013), does not compel a different result. In that case, the court dismissed for lack of jurisdiction a challenge to the denial of an unlawful presence waiver, explaining that the petitioner had identified no "constitutional claims or questions of law" under 8 U.S.C. § 1252(a)(2)(D). *Id.* at 32. That analysis, however, must be understood in its statutory context, not a general rule that legal questions are always reviewable. When no final order of removal anchors the petition, "the reviewability of such decisions is not before [a federal court]," and Congress "expressly extended the jurisdictional bar to judgments made outside of removal proceedings at the same time that they preserved review of legal and constitutional questions made within removal proceedings." *Patel*, 596 U.S. at 345–46.

Although Plaintiff relies on *Novack v. Miller*, 727 F. Supp. 3d 70 (D. Mass. 2024), that decision does not support Plaintiff's position. In *Novack*, the court found that USCIS's alleged

6

delay in adjudicating the plaintiff's application was not a "decision" or "action" covered by § 1182(a)(9)(B)(v). *Id.* at 76–77 (finding that there was no decision and no indication that any progress had been made toward processing plaintiff's waiver application). By contrast, Plaintiff here seeks review of USCIS's "decision" of his waiver application, and does not argue unreasonable delay.

Plaintiff cites no other authority to circumvent the jurisdiction-stripping provision here. In fact, the Seventh Circuit held that "[t]he USCIS's decision to deny [an] application for a waiver of inadmissibility under 8 U.S.C. § 1182(a)(9)(B)(v) is unreviewable." *Dec v. Mullin*, 171 F.4th 940, 948 (7th Cir. 2026). The Seventh Circuit rejected the argument that USCIS's legal interpretation of another statute embedded in its eligibility policy is reviewable, holding that "an interpretation of the statute, is an exercise of the USCIS's discretion, and therefore unreviewable." *Id.* at *945. As such, this court lacks jurisdiction to review Plaintiff's claim.

2. **The Declaratory Judgment Act, the Administrative Procedure Act, the Mandamus and Venue Act, and the Fifth and Fourteenth Amendments**

None of the additional statutes provide jurisdiction, as Plaintiff contends. The Declaratory Judgment Act "alone does not provide a court with jurisdiction." *California v. Texas*, 593 U.S. 659, 672 (2021); *see also Moncada vs. Mayorkas*, No. 20-cv-11561, 2023 WL 6174422, at *4 (D. Mass. Aug. 11, 2023) ("The Declaratory Judgment Act, which authorizes a federal court to grant declaratory relief, does not itself confer subject matter jurisdiction.") (citation omitted). Nor does it waive the federal government's sovereign immunity. *See, e.g., Progressive Consumers Fed. Credit Union v. United States*, 79 F.3d 1228, 1230 (1st Cir. 1996) ("The government correctly argues that Progressive wrongly relies on the Declaratory Judgment Act . . . to constitute a waiver of sovereign immunity"). "A plaintiff who seeks declaratory relief must identify an independent jurisdictional basis." *Moncada*, 2023 WL 6174422, at *4.

The APA's waiver of sovereign immunity under 5 U.S.C. § 702 permits suits against the United States seeking non-monetary relief, but it does not apply where "statutes preclude judicial review." 5 U.S.C. § 701(a)(1). As discussed, § 1182(a)(9)(B)(v) precludes judicial review, and therefore, the APA's waiver of sovereign immunity does not apply under § 701(a)(1). Further, the APA's waiver of sovereign immunity does not apply where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). The agency's decision on plaintiff's waiver application is discretionary, and therefore, the APA's waiver of sovereign immunity does not apply under § 701(a)(2). *Crus v. U.S. Citizenship & Immigr. Servs.*, No. 24-cv-026, 2025 WL 840852, at *4 (D.N.H. Feb. 21, 2025) (finding that the court lacks subject matter jurisdiction under § 701(a)(2) because the statute "contains no mandatory language, requiring USCIS to adjudicate I-601A waiver applications").

Plaintiff's reliance on the Mandamus and Venue Act is similarly misplaced because a plaintiff "cannot rely on the mandamus statute as an independent basis of subject matter jurisdiction." *1610 Corp. v. Kemp*, 753 F. Supp. 1026, 1032 (D. Mass. 1991). In any event, mandamus relief is available only where the defendant owes the plaintiff a "clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). No such duty is presented here. *Crus*, 2025 WL 840852, at *4 (finding that the court lacks subject matter jurisdiction under the Mandamus Act because "USCIS has no clear duty to act on Crus's I-601A waiver application").

The foundational basis for federal question jurisdiction is 28 U.S.C. § 1331, which grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal district courts are not "courts of general jurisdiction, but have only such limited jurisdiction as Congress has conferred upon them by statute." *People's Rights Org. v. Bethlehem Assocs.*, 356 F. Supp. 407, 409 (E.D. Pa. 1973). As a result, "the Fifth

Amendment absent any statute conferring jurisdiction cannot serve as an independent basis of jurisdiction in this Court." *Id*. Additionally, the Fifth Amendment "does not contain an equal protection clause," and "the Fourteenth Amendment [] applies only to the states." *Bolling v. Sharpe*, 347 U.S. 497, 499 (1955).

Accordingly, even accepting Plaintiff's well-pleaded factual allegations as true and drawing all reasonable inferences in his favor, Plaintiff has not met his burden of establishing subject-matter jurisdiction. Because 8 U.S.C. § 1182(a)(9)(B)(v) precludes judicial review of the challenged agency action, Defendants' motion to dismiss under Rule 12(b)(1) is <u>GRANTED</u>.[3]

## V.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, [Doc. No. 9], is <u>GRANTED</u>.

SO ORDERED.

<u>/s/ Myong J. Joun</u>
United States District Judge

---

[3] Because the court lacks subject-matter jurisdiction, I need not reach Defendants' motion to dismiss based on failure to state a claim.